Judge Owsley
delivered the opinion of the court.
This was an action of covenant, brought against the, plaintiffs in error by the defendant, to subject them to damages upon the following endorsement of an obligation, giver! by Thos. Arthur to the plaintiff Cravens.
“We do hereby transfer this no.tq to William Hopson, “for value received, this 15th December, 1810. Mote — . “If Arthur should not be good, we stand good for him and “responsible for the same.
“N. CRAVENS, (seal.)
“B. P. CAMPBELL,”' (seal.)
. On a trans-ierci he liable if the obligor is '!ot s,llver‘t> the legal \il bíiiiy' of the
suc‘¿a s“‘0^n mint, due dil-igenceonthe pltl. must be shewn,before ⅛® oefemTt.
suchcoveuant the defend’t. sl^°^ted ⅛ ífá^t-se diligence,
The defendant in error having recovered a judgment gainst the plaintiffs, they brought the cause before this court, and this coilrt differing in opinion with the court below, and believing that the plaintiffs could not, upon a just construction of their covenant, be made otherwise liable than upon the principles ot an ordinary assignor, where due and proper diligence has been used against the obligor, reversed the judgment and remanded the cause for further proceedings, &c.
Upon the return of the cause to the court below, the defendant in error obtained leave and amended Ids declaration by alledging, in connection Ivith the former statements in his declaration, the exercise of all proper diligence in prosecuting suit against Arthur, upon the assigned obligation*
To this declaration, thus amended, the plaintiffs offered ⅞ plea traversing the exercise of proper diligence by the defendant, but the plea was rejected by the court, and an issue being taken to the plea of covenants performed, after the evidence was gone through, the plaintiffs tendered a demurrer to the evidence, which being joined by the defendant, judgment was awarded in his favour; and to reverse that judgment, the plaintiffs have prosecuted this writ of error.
Assuming the former decree of the court- to be correct, of which we are still satisfied, it follows that the declaration, as amended, is substantially good. For as that decision is predicated upon the idea, of.due and proper diligence, in prosecuting the demand against Arthur, being essential to the right of ¡recovery against the plaintiffs, it results, that the charge of the defendant having used that, diligence, as it accords with the legal import of the covenant, comes strictly within the principle requiring writings to be declared on according to their legal operation.
And if the declaration is good, it’results that, the court improperly refused to permit the plaintiffs to file their plea, traversing the exercise of proper diligence: for as the prosecuting the demand upon Arthur, with proper diligence, was a precedent' condition to the defendant’s right of suit against the plaintiffs, upon their covenant, it was most clearly, according to the settled rules of pleading, competent, for the plaintiffs, by pica, to traverse the performance of that condition.
If, then, before the plaint iffs were bound to perform their *230 covenant, it was incumbent upon the defendant to use du^ a'id proper diligence to recover from the obligor the assigned demand, it follows, that upon the trial of an issue, taken to the plea of covenants performed, as it does not involve the question of diligence, no evidence, in relation to that matter, could be admissible; and, consequently, in deciding upon the demurrer to evidence, as it relates exclusively to such an issue, it would be improper to inquire, whether the proper diligence bad been used by the defendant in error, to enable him to recover from the present plaintiffs.
Hardin ¿hd Talbot for appellants, Bibb for appellee.
But, were it proper to go into the question of diligence, we should have no hesitation, according to the former adjudications of this court, in deciding that due qnd propej diligence was not proven to have been used.
For the defendant, by failing to commence his action for upwards of four months after thf assigned obligation became payable, was not only guilty of inexcusable delay; but, after commencing his action, was fatally negligent in not so prosecuting it, as either to ascertain the obligor’s insolvency, or fix upon his special bail the payment cf the debt- *
.The judgment must, therefore, be reversed, the cause remanded, and further proceedings had not inconsistent with this opinion.
The defendant in error must pay the cost In this court.